UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN WHITAKER, | ) | CASE NO. 4:20-cv-1101 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by *pro se* petitioner Justin Whitaker ("Whitaker"). Whitaker, a federal prisoner, seeks release to home confinement due to the COVID-19 outbreak at Federal Correctional Institution, Elkton ("FCI Elkton") in Lisbon, Ohio, where he is incarcerated. (Doc. No. 1 ["Petition"] at 7-8.[1]) For the reasons that follow, the petition is dismissed.

**I. BACKGROUND**

According to the petition, the COVID-19 infection is rampant among inmates at FCI Elkton and the Federal Bureau of Prisons' ("BOP") response to the outbreak is inadequate and fails to comply with COVID-19 prevention guidelines issued by the Centers for Disease Control and Prevention ("CDC"). (*Id.* at 3-7.) Whitaker claims that he suffers from anxiety and sickle cell anemia and the BOP's inadequate response to the COVID-19 outbreak at FCI Elkton fails to

---

[1] Page number references are to page identification numbers generated by the Court's electronic docketing system.

protect him from exposure to COVID-19 and protect his health and safety in violation of the Eighth Amendment of the United States Constitution.[2] (*Id*.)

**II. LAW AND DISCUSSION**

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of Whitaker's petition. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). This principle of liberal construction applies to petitions for a writ of habeas corpus. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A petition will be denied "if it plainly appears from the petition … that the petitioner is not entitled to relief." Rule 4 of Rules Governing § 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States[.]" *See* 28 U.S.C. § 2241(c)(3). A § 2241 petition "'is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served.'" *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *5 (N.D. Ohio Apr. 22, 2020) (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)), *vacated on other grounds*, 961 F.3d 829 (6th Cir. 2020). "It is

---

[2] According to the BOP inmate locater, Whitaker is 27 years old. *See* https://www.bop.gov/inmateloc/ (last visited 7-6-2020).

well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies." *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (citing, among authority, *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). That said, "*Luedtke* forbids a court from dismissing a § 2241 petition at the screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from sua sponte dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Luedtke*, 704 F.3d at 466).

Here, Whitaker's states that his "life is presently in danger and said life could be lost by attempting to exhaust administrative procedures which are inadequate[.]" (Petition at 7.) Even with the benefit of liberal construction, it is apparent from the face of the petition that Whitaker has not exhausted his administrative remedies.

Accordingly, to the extent that the Court could grant Whitaker the relief he requests, the petition is denied without prejudice because he has not first exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (affirming the district court's dismissal of § 2241 petition without prejudice where petitioner's failure to exhaust his administrative remedies was apparent on the face of the petition) (citing *Jones v Bock*, 549 U.S. 199, 214-16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)); *see also Singleton v. Williams*, No. 4:20 CV 961, 2020 WL 2526990, at *1 (N.D. Ohio May 18, 2020) (dismissing without prejudice petition seeking release to home confinement due to COVID-19 where it is apparent from the face of the petition that petitioner has not exhausted his

administrative remedies as required whether relief is sought pursuant to § 2241 or 18 U.S.C. § 3582) (citing *Settle*, 2017 WL 8159227, at *2; *Bronson,* 2020 WL 2104542, at **2-3); *Schmutzler v. Quintana*, No. 5: 19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019) (denying 2241 petition without prejudice where petitioner admits that he has not exhausted remedies available with the BOP) (citing, among authority, *Luedtke*, 704 F.3d at 466).

### III. CONCLUSION

For the foregoing reasons, Whitaker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice and dismissed. The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: July 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] "Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1)." *Bautista v. Shartle*, No. 4:09 CV 2759, 2012 WL 11135, at *3 (N.D. Ohio Jan. 3, 2012) (collecting cases).